IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Timothy G.[1], | ) |
| | ) Civil Action No. 6:22-cv-03608-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Martin O'Malley, Commissioner | ) |
| of the Social Security Administration[2], | ) |
| | ) |
| Defendant. | ) |
| | ) |

Timothy G. ("Plaintiff") brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and remanded for further review. (ECF No. 21). In

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. Committee on Court Administration and Case Management of the Judicial Conference of the United States, *Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions*, https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd =&ved=2ahUKEwi6pc2TnL-EAxVXE1kFHXlDGAQFnoECBMQAQ&url=https%3A%2F%2F www.uscourts.gov%2Fsites%2Fdefault%2Ffiles%2F18cvsuggestion_cacm_0.pdf&usg=AOvVa w23h7J7kSFUBaOxOt7V9G_j&opi=89978449 (May 1, 2018).

[2] Martin O'Malley was confirmed as the Commissioner of the Social Security Administration on December 20, 2023.

1

the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. The Commissioner filed objections to the Report, (ECF No. 22), and Plaintiff responded to those objections, (ECF No. 23). Accordingly, this matter is now ripe for review.

## BACKGROUND

On January 14, 2020, Plaintiff filed an application for DIB, alleging a disability onset date of July 28, 2018. (ECF No. 15-2 at 16). The next day, Plaintiff filed an application for SSI, alleging the same disability onset date of July 28, 2018. *Id.* These claims were denied both initially and on reconsideration by the Social Security Administration ("SSA"). *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and, on February 24, 2022, the ALJ conducted a telephone hearing on Plaintiff's claims for DIB and SSI.[3] *Id.* Plaintiff was represented by counsel at the hearing. *Id.* On April 6, 2022, the ALJ issued an opinion finding that Plaintiff was not disabled. *Id.* at 16–29.

In his decision, the ALJ found Plaintiff met the insured status requirements under the Act through December 31, 2020, and that he had not engaged in substantial gainful activity since July 28, 2018, the alleged onset date of disability. *Id.* at 18. The ALJ further found that Plaintiff suffered from the following severe impairments: rheumatoid arthritis, obesity, and borderline intellectual functioning. *Id.* Furthermore, the ALJ noted that any other "diagnosis, ailment, or condition not specifically set out" in his decision was "nonsevere" under the Regulations but had been considered. *Id.* at 19. In reviewing all of Plaintiff's impairments, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically

---

[3] The ALJ conducted the hearing via telephone due to the Covid-19 Pandemic. This was by consent of the parties.

2

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* However, the ALJ did determine that in "understanding, remembering or applying information" Plaintiff had a "moderate limitation"; in "interacting with others" Plaintiff had a "moderate limitation"; in terms of "concentration, persisting or maintain pace" Plaintiff had a "moderate limitation"; and in "adapting or managing oneself" Plaintiff had a "mild limitation." *Id.* at 20. Additionally, the ALJ calculated Plaintiff's residual functional capacity ("RFC") and determined that he could perform light work with various limitations.[4] *Id.* at 21. Based on this RFC, the ALJ determined that Plaintiff is unable to perform his past relevant work as a construction worker I. *Id*. at 27. However, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [he] can perform" such as being a price marker, small parts assembler, or production assembler. *Id.* at 28. Accordingly, the ALJ determined that Plaintiff was not disabled as defined in the Social Security Act. *Id.*

Plaintiff subsequently appealed to the Appeals Council. The Appeals Council denied his request for review. *Id.* at 2–5. Therefore, the ALJ's decision became the final decision of the Commissioner. This action followed.

**STANDARD OF REVIEW**

The federal judiciary has a limited role in the administrative scheme established by the Act. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

---

[4] Specifically, the ALJ found that Plaintiff can "frequently climb ramps and stairs, never climb ladders, ropes or scaffolds, and frequently balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger. He can have frequent exposure to extreme heat and/or cold humidity, wetness, and workplace hazards, such as unprotected heights or dangerous moving machinery. He can sustain concentration, persistence, and pace for periods of two hours at a time with simple, routine tasks and no customer service interaction with the public." (ECF No. 15-2 at 21).

"Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with

4

sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## DISCUSSION

The magistrate judge filed a Report, recommending that the decision of the Commissioner be reversed and remanded for further proceedings. (ECF No. 21). In reaching this recommendation, the magistrate judge determined that "although the ALJ retains the authority to assess the plaintiff's RFC," here, the ALJ's decision is "legally insufficient because it does not adequately explain the plaintiff's mental RFC findings." *Id.* at 9. The magistrate judge declined to reach the remaining allegations of error since the "ALJ will be able to reconsider and re-

evaluate the evidence as part of the reconsideration of th[e] claim." *Id.* In his objections, the Commissioner asserts that the "ALJ properly adopted the concentration, persistence, and pace RFC limitations from a prior ALJ decision, and sufficiently explained his rationale to allow this court to trace the path of his reasoning and permit meaningful judicial review." (ECF No. 22 at 2). The Commissioner contends that the adoption of the prior ALJ decision RFC limitations was a "reasonable and proper application of *Albright*[5] and AR 00-1(4)[6]." *Id.* at 4.

The court agrees with the magistrate judge and overrules the objection. In calculating the RFC, the ALJ "must both identify the evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see also Perry v. Berryhill*, No. 18-1076, 2019 WL 1092627, at *2 (4th Cir. Mar. 8, 2019). Notably, the ALJ determined that Plaintiff had moderate limitations in "understanding, remembering, or applying information"; "interacting with others"; and in "concentrating, persisting or maintaining pace[.]" (ECF No. 15-2 at 20). He also found that Plaintiff had a "mild limitation" in "adapting or managing oneself." *Id.* Based on this mental function analysis, the ALJ included the following limitation in Plaintiff's RFC: "He can sustain concentration, persistence, and pace for periods of two hours at a time with simple, routine tasks and no customer service interaction with the public." *Id.* at 21. However, nowhere in the decision did the ALJ explain how the mental RFC addressed Plaintiff's impairments. The court is mindful of the ALJ's note that obesity could "contribute to the severity of claimant's mental symptoms" and, therefore, the ALJ added "mental restrictions" to the RFC. The court is also mindful of the

---

[5] *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999).

[6] Social Security Administration, *Acquiescence Ruling 00-1(4)*, https://www.ssa.gov/OP_Home/rulings/ar/04/AR2000-01-ar-04.html (effective Jan. 12, 2000) (last visited Feb. 23, 2024).

ALJ's comment that due to Plaintiff's "mental impairments," the ALJ imposed limitations in the RFC. Still, there is no meaningful or logical link or explanation as to *why* such restrictions were imposed or *how* such restrictions addressed Plaintiff's impairments. Specifically, there is no reasoning as to how the ALJ ascertained the figure of "2 hours" for maintaining concentration, persistence, and pace; how "simple, routine tasks" addressed Plaintiff's moderate limitation in "understanding, remembering, or applying information"; or why such restrictions were imposed based on the record and evidence. As the magistrate judge pointed out, such explanation is required pursuant to *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2014), and its progeny.

The Commissioner appears to contend that though the ALJ did not provide his own explanation to support the limitations set forth in the mental RFC, he properly relied on a prior ALJ decision and analysis, which negates the need for remand. The court disagrees. While the court recognizes that *Albright* and AR 00-1(4) indicate that "[w]hen adjudicating a subsequent disability claim arising under the same or different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding of evidence and give it appropriate weight in light of all relevant facts and circumstances," AR 00-1(4), such consideration does not supplant the ALJ's responsibility to fully explain his RFC determination. Additionally, as the magistrate judge pointed out, the prior ALJ also did not give any explanation regarding the mental RFC beyond indicating that the RFC "accounts for any mental deficiencies of the claimant by limiting the type of work he has been capable of performing and by restricting around whom such work is able to be performed." (ECF No. 15-3 at 14). Even if the present ALJ could fall back on the prior ALJ's analysis, which the court is unaware of any case law allowing for such effect, such explanation is insufficient to allow for meaningful judicial review. Therefore, the court

overrules Commissioner's objection.

In the alternative, the court also finds that the ALJ's overall RFC analysis contained several inconsistencies that were not accounted for in the explanation, and, as such, the court is unable to meaningfully review the ALJ's reasoning. For instance, the ALJ indicated that the "[a]bnormal clinical findings include limited range of cervical motion, *tenderness* in the thoracic and lumbar spine, limited range of right shoulder motion, rheumatoid nodules on the elbows, *tenderness* and limited range of motion of the wrists, *tenderness* and painful range of motion of the hands, bilateral diminished grip strength, *swelling* in the joints of the hands, Herberden's nodes on the right hand, crepitus in the knees, inversion of the right ankle, and boggy *swelling* of the elbows[.]" (ECF No. 15-2 at 22) (emphasis added). The ALJ then indicated that "[b]ecause of rheumatoid arthritis" he had "limited the claimant to light exertion with additional restrictions concerning postural demands, handling and fingering, environmental exposures related to heat, cold, humidity, wetness, and hazards and mental tasks." *Id.* However, in his analysis of why Plaintiff does not need further limitations in his RFC, the ALJ specifically noted that Plaintiff "denied common rheumatoid arthritis signs, such as swelling" and that he had "no positive tender points." *Id*. at 23, 25, 26. However, in a separate section of the RFC analysis, the ALJ also noted that Plaintiff reported "intermittent soreness and joint swelling sometimes." *Id.* at 22. It is unclear whether this was considered when discerning which limitations to impose, since the ALJ specifically noted that there was no need for further limitations in part *because* Plaintiff had denied such ailments.

Additionally, the ALJ's credibility analysis of Plaintiff's subjective complaints relied, in substantial part, on "objective medical evidence" not validating the "asserted severity of claimant's impairments[.]" *Id.* at 26. However, this statement was made just after the ALJ, again,

reiterated that Plaintiff had denied any swelling and indicated there were no positive tender points, which is inconsistent with the ALJ's previous description of the clinical findings on page 22 of his decision. Additionally, the ALJ notes that he discounted Plaintiff's subjective claims for "several additional reasons" but failed to expound as to what those reasons were. Given these inconsistencies and discrepancies within the RFC consideration, the court is unable to fully and meaningfully review the ALJ's analysis to determine if substantial evidence supports his decision. Accordingly, the court finds that remand pursuant to *Mascio* is required.[7]

## CONCLUSION

Having conducted the required *de novo* review of the issues to which the Commissioner has objected, and having fully considered the record under the appropriate standards, the court **ADOPTS** the Report (ECF No. 21) and incorporates it herein by reference. The court cannot determine whether the Commissioner's decision is supported by substantial evidence, and accordingly, the Commissioner's final decision is **REVERSED and REMANDED** for further review. Although concluding that remand is warranted, this court expresses no opinion as to the ultimate disability issue.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 23, 2024

---

[7] Because the court's determination that remand is warranted based on the errors in the RFC calculation, the court declines to address the remaining allegations of error.